# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JEFFEREY LONG

CIVIL ACTION

VERSUS

UNITED STATES DEPARTMENT
OF HOUSING URBAN
DEVELOPMENT, ET AL.

NO. 24-00001-BAJ-EWD

## RULING AND ORDER

Plaintiff filed this action for breach of contract in the 19th Judicial District Court for the Parish of East Baton Rouge on December 12, 2023. (Doc. 1). The case was removed to this Court on January 2, 2024, by Defendant Specialized Loan Servicing, LLC (SLS). SLS asserted this Court's diversity jurisdiction and argued that Plaintiff improperly named Defendant Dean Morris L.L.C., a citizen of Louisiana, to defeat diversity jurisdiction and prevent removal. (*Id.*). In response, the Court ordered Plaintiff to either file a Motion to Remand or a Motion to Dismiss his claims against Dean Morris by February 9, 2024. (Doc. 9). Plaintiff failed to do so. Now before the Court is Defendant Dean Morris L.L.C.'s **Motion to Dismiss for Failure to State a Claim (Doc. 23)** and Defendants' GMFS, LLC and SLS's **Motion for Judgment on the Pleadings (Doc. 29)**. The Motions are unopposed. For the reasons that follow, the Motions will be granted.

Although Dean Morris moves under Rule 12(b)(6) and GMFS and SLS move under Rule 12(c) of the Federal Rules of Civil Procedure, the standard for a Rule 12(c)

motion for judgment on the pleadings is the same as that used to evaluate a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging LLC*, 589 F.3d196, 209 (5th Cir. 2009). Under that standard, to survive dismissal at the pleadings stage, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Plaintiff sued four Defendants for breach of contract and fails to identify the very contract allegedly breached. Plaintiff also fails to describe how the contract was breached and what each Defendants' role in the alleged breach was. In fact, Plaintiff fails to make specific allegations of any kind. Even viewing Plaintiff's complaint in the light most favorable to Plaintiff, the Court is unable to draw any reasonable inference that the Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS ORDERED** that Defendant Dean Morris L.L.C.'s **Motion to Dismiss for Failure to State a Claim (Doc. 23)** and Defendants' GMFS, LLC and Specialized Loan Servicing, LLC's **Motion for Judgment on the Pleadings (Doc. 29)** be and are hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Plaintiff's claims against Defendants Dean Morris L.L.C., GMFS, LLC, and Specialized Loan Servicing, LLC, be and are hereby **DISMISSED WITHOUT PREJUDICE**.[1]

Judgment shall issue separately.

Baton Rouge, Louisiana, this 15th day of May, 2024

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Defendants have not shown that a dismissal with prejudice is warranted here. *Marshall v. LeBlanc*, No. CV 18-13569, 2020 WL 2085535, at *1 (E.D. La. Apr. 30, 2020) ("[T]he Fifth Circuit has stated that '[g]ranting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim.'" (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 179–180 (5th Cir. 1977))).