UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY LONG                                              CIVIL ACTION

VERSUS

UNITED STATES DEPARTMENT                          NO. 24-00001-BAJ-EWD
OF HOUSING URBAN
DEVELOPMENT, ET AL.

## RULING AND ORDER

Plaintiff, proceeding *pro se*, has filed a self-styled **Motion To Reinstate Case Pursuant To Federal Rule Of Civil Procedure 60(b)** and an **Emergency Motion For Preliminary Injunction And Temporary Restraining Order** (Docs. 70, 71, the "Motions"). For the reasons outlined below, the Court will deny the Motions.

## I.    BACKGROUND

Plaintiff sued four Defendants in state court for breach of contract but failed to identify the contract allegedly breached. (*See* Doc. 1-2). Plaintiff also failed to describe how the contract was breached and each Defendants' role in the alleged breach. *See id.* Ultimately, Plaintiff's Complaint failed to make specific allegations of any kind. *See id.*

Defendant Specialized Loan Servicing, LLC ("SLS") removed this case to federal court, asserting this Court's diversity jurisdiction. (*See* Doc. 1). Eventually, the Court dismissed Plaintiff's claims against Defendants SLS, Dean Morris L.L.C., and GMFS, LLC without prejudice for failure to state claim. (*See* Docs. 42, 43).

A review of the record demonstrates that in the eleven months following the removal of this action to this Court, Plaintiff never served the two remaining Defendants, United States Department of Housing [and] Urban Development ("HUD") and GMFS, Inc. During that time, the Court provided Plaintiff numerous extensions of time in which to find an attorney to represent him and serve Defendants HUD and GMFS, Inc. (*See* Docs. 46, 53, 57, 60, 62). In the Court's final Order giving Plaintiff additional time to find counsel or to pursue the case *pro se*, the Court warned that failure to serve the remaining Defendants by November 15, 2024, would result in the Court's adoption of the Magistrate Judge's Report and Recommendation, and the dismissal of the case. (*See* Doc. 62). Because Plaintiff did not comply with the Court's final Order, despite having nearly six months to find an attorney, the Court dismissed Plaintiff's case without prejudice. (*See* Doc. 64).

Nearly three months after the Court dismissed Plaintiff's case, Plaintiff filed two motions: one requesting a temporary restraining order ("TRO") and preliminary injunction, and another requesting to amend the Complaint to add Defendants the Court previously dismissed, SLS and Dean Morris, L.L.C., as well as a Defendant not previously a party to the action, Shellpoint Mortgage Servicing. (*See* Docs. 67, 68). The Court rejected both of Plaintiff's requests, determining that for Plaintiff to proceed with his claims, Plaintiff must file a separate cause of action, or file a motion to reinstate this matter pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). (*See* Doc. 69).

Plaintiff then filed the current Rule 60(b) Motion and a second Motion for a

TRO and preliminary injunction. (*See* Doc. 70; Doc. 71).

Liberally construed, Plaintiff's Motion for a TRO and preliminary injunction seeks relief from all named Defendants proceeding with a foreclosure sale slated for May 21, 2025. (*See* Doc. 71). Plaintiff requests that the Court "immediately halt the foreclosure and pending acquisition of his property located at 4872 Harbor Lane, Greenwell Springs, Louisiana 70739." (*Id.* at 1).

Plaintiff asserts that in a new Notice to Occupant Pending Acquisition ("NOPA") dated April 4, 2025, the newly involved mortgage servicer, Carrington Mortgage Services, notified Plaintiff of the May 21 foreclosure sale date. (*Id.*). Plaintiff argues that the imminent transfer of title and possession is improper owing to his "ongoing claims of fraud, unlawful servicing, and violations of HUD regulations." (*Id.*). In support of these assertions, Plaintiff provides the April 4, 2025 NOPA, an earlier NOPA from January 3, 2025, an FBI Complaint Confirmation and Email Follow-Up that Plaintiff sent to the FBI to report his HUD allegations, and a copy of his Rule 60(b) Motion. (*See* Docs. 71-1, 71-2, 71-3, 71-4).

In support of Plaintiff's Rule 60(b) Motion, Plaintiff provided the Court with the same documentation, aside from the April 4 NOPA, which he argues serves as "new evidence" under Rule 60(b)(2). (*See* Doc. 70-1, 70-2, 70-3). Plaintiff further contends that the facts underlying his TRO request constitute "extraordinary circumstances" under Rule 60(b)(6). (*See* Doc. 70 at 2).

## II.   DISCUSSION

Although the Court previously denied Plaintiff's first TRO request because Plaintiff had not submitted a Rule 60(b) Motion, Plaintiff has now done so. Because Plaintiff's Rule 60(b) Motion and TRO rely on largely the same facts, the Court will consider both Motions together.

### A.   Relief from Judgment or Order.

Plaintiff first requests relief from the Court's Judgment dismissing the case. Rule 60(b) provides that relief from a prior order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud, misrepresentation, or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

Plaintiff has not provided any factual assertions to support the applicability of any of the first five subsections of Rule 60(b). As described in the Court's previous order dismissing the case, Plaintiff's failure to find an attorney or serve Defendants over the course of nearly six months does not constitute excusable neglect. Additionally, as noted in greater detail below, Plaintiff has not properly verified how the April 4 NOPA is "new evidence" for his claims against Defendants.

Further, Plaintiff is not entitled to relief under Rule 60(b)(6), which allows the Court to vacate a prior order for "any other reason that justifies relief." Rule 60(b)(6)

"is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Here, Plaintiff asserts that the facts underlying his TRO request necessitate reopening this case. However, as noted below, Plaintiff has not complied with Rule 65(b)(1)'s verification and notice requirements, which would allow the court to address the substance of Plaintiff's TRO request. For these reasons, the Court **DENIES** Plaintiff's request to reinstate this action.

### B. Temporary Restraining Order.

Although, as previously noted, the Court will not re-open the case at this time, the Court addresses Plaintiff's request for a TRO and preliminary injunction. This is because Plaintiff's TRO request is relevant to its decision regarding whether Plaintiff's action should be reinstated.

Federal Rule of Civil Procedure ("Rule") 65(b)(1) governs Plaintiff's request for a TRO and provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Plaintiff has failed to comply with either requirement of Rule 65(b)(1). Plaintiff seeks a TRO based on new facts not set forth in his original Complaint, yet does not include sufficient verification attesting to these new facts. In support of Plaintiff's new allegations, aside from Plaintiff's own submissions to the FBI, Plaintiff provides

only two NOPAs, which notify Plaintiff of the impending foreclosure and pending acquisition of his property. (*See* Docs. 71-1, 71-2). Plaintiff, however, does not provide the Court an affidavit or amended verified complaint attesting that the foreclosure and upcoming acquisition facilitate "fraud, unlawful servicing, and violations of HUD regulations," or any law at all.

Additionally, Plaintiff's motion does not include a certificate describing his efforts, if any, to provide notice to Defendants' counsel, or to explain the reasons why such notice should not be required. Plaintiff's failure to comply with Rule 65(b)(1)'s verification and notice requirements, standing alone, is a sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Because Plaintiff has failed to comply with Rule 65(b), the Court **DENIES** Plaintiff's request for a TRO and/or preliminary injunction.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 60(b) Motion, (Doc. 70), be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a TRO and/or a

preliminary injunction, (Doc. 71), be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 17th day of April, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**